# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN JONES, individually and on behalf all others similarly situated, | CIVIL ACTION |
| Plaintiff, | Case No. |
| v. | |
| GIANT EAGLE, INC., | COMPLAINT - COLLECTIVE ACTION |
| Defendant. | JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jordan Jones ("Jones") ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, file this Collective Action Complaint and Jury Demand against Defendant Giant Eagle, Inc. ("Giant Eagle" or "Defendant"), seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of Plaintiff and all current and former Team Leaders ("TLs") (the "Collective Action Members"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff brings this action for recovery of unpaid overtime compensation pursuant to the FLSA.

2. As alleged herein, Plaintiff and all other similarly situated TLs were required to work more than 40 hours in a workweek while employed by Giant Eagle in order to complete their job duties. However, in accordance with Giant Eagle's policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of

time-and-one-half for all hours worked in excess of 40 in a work week.

3. Giant Eagle's systematic failure and refusal to pay Plaintiff and all other similarly situated TLs for all hours worked over 40 in a workweek violates the FLSA. Plaintiff alleges on behalf of himself and the Collective Action Members that they are: (i) entitled to unpaid overtime compensation for all hours worked above 40 in a workweek, as required by law, earned at any time from November 22, 2014 through to the entry of judgment in this case;[1] (ii) liquidated damages; (iii) pre-judgment interest; and (iv) attorney's fees and litigation expenses, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## THE PARTIES

*Plaintiff Jordan Jones*

4. Jones resides in Butler, Pennsylvania (Butler County). From approximately October 2010 until approximately March 2017, Jones was employed by Giant Eagle as a TL at a Giant Eagle store located in Seven Fields, Pennsylvania (Butler County). From approximately March 2017 until approximately May 2017, Jones was employed by Giant Eagle as a TL at a Giant Eagle store located in Pittsburgh, Pennsylvania (Alleghany County).

5. Throughout his employment as a TL with Giant Eagle, Jones regularly worked more than 40 hours in a workweek. The work he performed was at the direction and benefit of Giant Eagle.

6. Pursuant to Giant Eagle's policy, pattern or practice, Jones was not paid premium overtime compensation for all hours worked over 40 in a work week.

---

[1] The parties previously entered into a tolling agreement which expired on March 2, 2018.

7. Jones regularly worked more than 40 hours in a workweek for Giant Eagle's benefit. Pursuant to Giant Eagle's policy of misclassifying all TLs as exempt, Jones was not paid proper overtime compensation for all hours he worked over 40 in a workweek.

8. Plaintiff Jones's written consent to join this action is attached. *See* Exhibit A.

***Defendant Giant Eagle, Inc.***

9. Giant Eagle is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania (Allegheny County).

10. Giant Eagle is one of the nation's largest food retailers and distributors with approximately $9.3 billion in annual sales. *See* https://www.gianteagle.com/About/Our-History/Giant-Eagle-Quick-Facts/ (last accessed on March 4, 2018).

11. At all relevant times, Giant Eagle employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former TLs and, among other things, maintained control, oversight and direction over Plaintiff and other TLs, including with respect to timekeeping, payroll and other employment practices that applied to them.

12. Giant Eagles applies the same employment policies, practices, and procedures to all TLs nationwide.

13. Giant Eagle is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

14. At all relevant time, Giant Eagle has had gross revenues exceeding $500,000.00 for all relevant time periods.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Giant Eagle is subject to personal jurisdiction in Pennsylvania.

18. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) since Defendant is a resident of this District, a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and because one of the Plaintiff resides in this District.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 216(b), Plaintiff seek to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Giant Eagle in the United States at any time between November 22, 2014 and the entry of judgment in this case (the "Collective Action Period") as TLs, and individuals holding comparable salaried positions with different titles (the "Collective Action Members").

20. Giant Eagle is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other TLs for hours worked in excess of 40 in a workweek.

21. Upon information and belief, there are potentially hundreds of similarly situated current and former Giant Eagle TLs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the FLSA Collective Action Members, pursuant to 29 U.S.C. § 216(b).

22. The similarly situated employees are known to Giant Eagle, are readily identifiable, and can be located through Giant Eagle's records.

## STATEMENT OF FACTS

23. Giant Eagle is a private Pennsylvania corporation, with its corporate headquarters in Pittsburgh, Pennsylvania. According to its website, the Giant Eagle supermarket chain is "one of the largest, privately owned and family-operated companies in the nation." https://www.gianteagle.com/About/Our-History/Giant-Eagle-Quick-Facts/ (last accessed on March 4, 2018).

24. Giant Eagle operates over 400 stores in 4 states (Pennsylvania, Ohio Maryland and West Virginia). *Id.*

25. Giant Eagle employs approximately 36,000 "team members," (*id.*), of which more than 1,000 are believed to be TLs.

26. Giant Eagle maintains strict control, oversight, and discretion over the operation of its stores, including its employment practices with respect to Plaintiff and the Collective Action Members.

27. Plaintiff's and the Collective Action Members' work as TLs was performed in the normal course of Giant Eagle's business and was integrated into it.

28. Consistent with the Giant Eagle's policy, pattern and/or practice, Plaintiff and the members of the FLSA Collective regularly worked in excess of 40 hours per workweek without being paid overtime compensation.

29. All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Giant Eagle, who is aware of the work that they performed. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

30. Pursuant to corporate policy, Giant Eagle classifies its TLs as exempt from overtime pay requirements even though, and in contravention of the FLSA, Plaintiff and other TLs primarily perform duties that are non-exempt in nature, including serving customers, breaking down shipments, preparing food, setting up displays, stocking shelves, physically moving merchandise, counting inventory, and cleaning the store.

31. The primary job duties of Plaintiff and the members of the Collective Action did not include hiring, firing, disciplining, or directing the work of other employees.

32. The primary job duties of Plaintiff and the members of the Collective did not materially differ from the job duties of non-exempt hourly paid employees.

33. The primary job duties of Plaintiff and the members of the Collective Action did not include the exercise of meaningful independent discretion with respect to their duties.

34. The primary job duties of Plaintiff and the members of the Collective Action were manual and/or clerical in nature. The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiff and all of the members of the Collective Action.

35. Plaintiff and other TLs are similarly situated in that they have substantially similar job duties and are subject to Giant Eagle's common compensation policies, patterns, and/or practices.

36. Pursuant to a centralized, company-wide policy, pattern and/or practice, Giant Eagle classified all TLs as exempt from coverage of the overtime provisions of the FLSA.

37. Upon information and belief, Giant Eagle did not perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties when making the decision to classify them, and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the FLSA's overtime protections.

38. Giant Eagle's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Giant Eagle's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

39. Upon information and belief, Giant Eagle established labor budgets to cover labor costs for the stores in which Plaintiff and similarly situated TLs worked. However, Giant Eagle did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store.

40. Giant Eagle knew or recklessly disregarded the fact that their underfunding of store labor budgets resulted in Plaintiff and other similarly situated TLs (who were not paid overtime) working more than 40 hours in a workweek without receiving any overtime compensation. This allowed Giant Eagle to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

41. Because Giant Eagle underfunded store labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, TLs were required to – and did – perform these non-exempt tasks.

42. In fact, the performance of non-management work was the primary duty of TLs.

43. Giant Eagle knew, by virtue of the fact that its upper level management employees (as its authorized agents) actually saw the Plaintiff and other similarly situated TLs perform primarily manual labor and non-exempt duties, that Plaintiff and other similarly situated TLs were

not performing activities that complied with any FLSA exemption. Inasmuch as Giant Eagle is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other similarly situated TLs as non-exempt employees.

44. As further evidence of its willful or reckless failure to classify Plaintiff and other similarly situated TLs as non-exempt employees – and notwithstanding being a substantial corporate entity aware of its legal obligations – Giant Eagle has uniformly failed to (1) accurately track or record actual hours worked by TLs; and (2) provide TLs with a method to accurately record the hours actually worked.

45. Giant Eagle was or should have been aware that federal (and applicable state) law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

46. Accordingly, Giant Eagle's unlawful conduct, as described above and pursuant to its centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA, was willful and/or in reckless disregard of the FLSA.

47. Upon information and belief, and as part of its regular business practices, Giant Eagle has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the Collective Action Members. This policy and pattern or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;

    b. willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week; and

    c. willfully failing to provide enough money in its store-level labor budgets.

48. Due to the foregoing, Giant Eagle's failure to pay overtime wages for work

performed by Plaintiff and the Collective Action Members in excess of 40 hours per week was willful.

49. The work performed by Plaintiff and the Collective Action Members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

50. Giant Eagle's unlawful conduct has been widespread, repeated, and consistent.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act: Unpaid Overtime Wages**
**Brought on Behalf of Plaintiff and Collective Action Members**

51. Plaintiff re-allege and incorporate by reference the allegations in Paragraphs 1 through 50 above.

52. Giant Eagle has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective Action Members, as detailed in this Collective Action Complaint.

53. At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § and 207(a).

54. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Giant Eagle.

55. Giant Eagle is an employer of Plaintiff and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

56. At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

57. Giant Eagle has failed to pay Plaintiff and the Collective Action Members overtime

compensation to which they were entitled under the FLSA.

58. Giant Eagle has failed to keep accurate records of time worked by Plaintiff and the Collective Action Members.

59. Giant Eagle's violations of the FLSA, as described in this Collective Action Complaint, have been, and continue to be, willful and intentional.

60. Giant Eagle did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiff and the Collective Action Members.

61. Because Giant Eagle's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

62. As a result of Giant Eagle's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated, prays for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and

        tolling of the statute of limitations;

b.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.     An award of unpaid overtime compensation for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

d.     An injunction requiring Giant Eagle to cease its practices violating the foregoing laws and regulations in the future;

e.     An award of liquidated damages as a result of Giant Eagle's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

f.     An award of damages representing Giant Eagle's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g.     An award of pre-judgment and post-judgment interest;

h.     An award of costs and expenses of this action, together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

i.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: March 6, 2018                    *s/ Jason Conway*
                                           Jason Conway (PA 317113)
                                           **CONWAY LEGAL, LLC**
                                           1700 Market Street, Suite 1005

Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
gshavitz@shavitzlaw.com
Camar Jones*
cjones@shavitzlaw.com
Logan A. Pardell*
lpardell@shavitzlaw.com
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Michael Palitz*
mpalitz@shavitzlaw.com
830 Third Avenue, 5th Floor
New York, New York
New York, NY 10022
Telephone: (800) 616-4000

Daniel C. Levin (PA 80013)
**LEVIN, SEDRAN & BERMAN**
510 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 592-1000
Fax: (215) 592-4663
dlevin@lfsblaw.com*

**pro hac vice* application forthcoming

***Attorneys for Plaintiff and FLSA Collective***